UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARILYN L. HAMILTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| WILMAC CORPORATION and | : | NO.: 2:18-cv-01141-GEKP |
| ATTLEBORO NURSING AND REHAB | : | |
| CENTER | : | |
| | : | |
| Defendants. | : | |
| | : | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Now comes Defendants Wilmac Corporation and Attleboro Nursing and Rehab Center, by and through their counsel, Burns White LLC, and files the within Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and in support thereof, avers as follows:

### I.   STATEMENT OF CASE

Plaintiff, Marilyn Hamilton (hereinafter "Plaintiff" or "Hamilton"), initiated this claim by dual filing a charge of discrimination in the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") on or about October 23, 2017. (Complaint, Doc. 3). While the case was before the EEOC, Defendants filed a position statement and supplied statements by employees. See Position Statement and supporting documents attached hereto.[1] On or about February 12, 2018, The EEOC issued a Notice of Right to Sue to Plaintiff dismissing Plaintiff's Charge. (Doc. 3, pg. 19). Plaintiff now files the instant

---

[1] When considering a Motion to Dismiss, the Court can also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the Complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d. Cir. 2010).

suit against Defendants Wilmac Corporation, Attleboro Nursing and Rehab Center, Linda Sown, Christian Notarfrancesco, Susan Mitchell, Frieda, Melinda Thomas, Heather Mister, and Tonya Campbell. Plaintiff's Complaint purports to set forth claims pursuant to the Americans with Disabilities Act and alleges discrimination. On or about March 20, 2018, this Honorable Court dismissed individual defendants Linda Sown, Christina Notarfrancesco, Susan Mitchell, Frieda, Melinda Thomas, and Tonya Campbell. (Doc. 2).

For the purposes of this Motion Dismiss, Defendants will rely on the factual allegations asserted against them in the Complaint.[2] In the Complaint, Plaintiff attempts to allege Defendants Wilmac and Attleboro violated the Americans with Disabilities Act. (Doc. 3, pg 2). However, Plaintiff's statements are contradictory and fail to rise to any actionable claims.

Specifically, Plaintiff alleges that she was "refused a job interview . . . because I had a disability which does not stop me from doing work." (Doc. 3, pg. 8). Plaintiff alleges that she applied for a nurse's aide position in person at Attleboro on or around October 16, 2017. (Doc. 3, pg. 8). Plaintiff alleges that Defendants attempted to call her on three separate occasions between October 20, 2017 and October 23, 2017 to set up an interview and on each occasion, Plaintiff missed the call. (Doc. 3, pg. 14, 15). Plaintiff also claims that she applied for the position through an online ad on or about October 20, 2017, after missing one of Defendant's phone calls. (Doc. 3, pg. 14). Plaintiff attempted to return one of the missed calls on October 20, 2017, but no one was available to speak to her. (Doc. 3, pg. 14). When Plaintiff attempted to return the phone call on October 23, 2017, she claimed that the Human Resources Department instructed her that they were not interested in hiring her. (Doc. 3, pg. 10). Plaintiff attempts to claim that she was denied an interview because of her hearing loss.

---

[2] Plaintiff's Complaint is marked pages 1 through 5. Plaintiff also attaches identical typed statements and illegible exhibits.

Plaintiff's Complaint fails to plead facts sufficient to support a *prima facie* case under the Americans with Disabilities Act of 2008, as amended (hereinafter "ADA"). Plaintiff's Complaint is devoid of any factual allegations directed at Defendant Wilmac Corporation. Rather, Plaintiff's Complaint almost entirely focuses on the conduct of individuals who have since been dismissed from the action and Attleboro without alleging any agency or control. Additionally, Plaintiff has failed to plead all necessary elements of an ADA claim and therefore, Plaintiff's Complaint should be dismissed.

## II.     LEGAL STANDARD

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the complaint filed by the plaintiff. The United States Supreme Court has held that "[a] plaintiffs' obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Plaintiff must sufficiently allege a basis upon which she is entitled to relief to overcome a defendant's motion to dismiss.

In considering a Motion to Dismiss, the court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the Supreme Court made clear in Twombly, the "factual allegations must be enough to raise a right to relief above the speculative level." Id. A district court must conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009). The court must separate the factual and legal elements of the claim. Id. at 210-11. The court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible

claim for relief.' In other words, a complaint must do more than allege the plaintiffs' entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id. at 211 (citing Iqbal 129 S. Ct. at 1949). The determination for plausibility will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (quoting Iqbal 129 S. Ct. at 1950).

Pleading standards require more than simple notice pleading, "requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." Id. "All civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. at 210 (quoting Iqbal, 129 S. Ct. at 1948).

### III. ARGUMENT

#### A. Plaintiff has failed to assert a cause of action under the Americans with Disabilities Act.

To prove a prima *facie* case under the ADA, Plaintiff must prove the following elements: (1) Plaintiff has an impairment that qualifies as a disability under the ADA; (2) the individual is qualified to perform the essential functions with or without reasonable accommodations; and (3) the individual suffered an adverse employment action. See 42 U.S.C. 12101 et seq. Plaintiff's complaint has failed to allege facts sufficient to prove all three elements. Therefore, Plaintiff's complaint must be dismissed.

##### i. Plaintiff has failed to assert a disability under the ADA.

Plaintiff has failed to assert that her impairment constitutes a disability under the ADA. To establish a *prima facie* case under the ADA, the Plaintiff must show that she has an impairment under the ADA. To qualify under Title I of the ADA, the plaintiff must prove that he or she either (1) has a disability; (2) is regarded as having a disability; or (3) has record of a disability. Merely

having an impairment does not necessarily make an individual disabled for the purposes of the ADA. See Creasy v. Novelty Inc., 2005 WL 1652441 (M.D. Pa. 2005). To prove that an individual is disabled within the meaning of the ADA, the plaintiff must state that they have a physical or mental impairment that substantially limits one or more major life activity. See 42 U.S.C. 12102. "Substantially limits" is defined by the EEOC as (1) unable to perform a major life activity that the aver person in the general population can perform or (2) significantly restricts as to the condition, manner, or duration under which an individual can perform a particular major life activity. See 29 CFR 1630.2(j)(1).

Here, Plaintiff's Complaint states that she was denied a job interview because she has a disability, but "her disability does not prevent her from working." (Doc. 3, pg. 8). Plaintiff's statements are conclusory and without more support fail to meet the standard to state a claim. Plaintiff's Complaint fails to provide any facts to suggest that her hearing loss constitutes a disability under the ADA and/or substantially limits her daily life activities. As such, Plaintiff has not adequately pled that she has a disability within the meaning of the ADA and therefore, her complaint should be dismissed.

### ii. Plaintiff has failed to assert that she would be qualified to perform the essential functions of the position.

A plaintiff must also establish that he/she is a qualified individual under the ADA. A qualified person is defined as a person "with a disability who, with or without an accommodation, can perform the essential functions of the employment position." See 42 USC 12111(8). The ADA places the burden on the plaintiff to show that they are qualified to perform the essential functions of the job. To determine whether a plaintiff could perform the essential functions of the employment position, they have considered a two-part test: (1) whether an individual satisfies the

prerequisites for the position and (2) whether or not an individual can perform the essential functions of the position.  *See* Gaul v. Lucent Technologies, 134 F.3d 576 (3d. Cir. 1998).

Here, Plaintiff's Complaint is almost entirely devoid of factual allegations that indicate she was qualified for the position she was seeking.  Plaintiff briefly states that she was seeking a nurse's aide position and that she had informed Attleboro that she had previous experience.  However, Plaintiff's Complaint fails to describe the position she sought and whether her skills could meet the demands of the job. Plaintiff's statement that she met "all requirements" is conclusory at best and she does not provide sufficient facts to suggest she had enough experience and/or skills to meet the specific demands of the position.  As such, Plaintiff has failed to establish a *prima facie* case and her Complaint should be dismissed.

### B. Plaintiff's Complaint fails to state a cause of action where she alleges contradictory facts.

To survive a motion to dismiss under Rule 12(b)(6), a Complaint must: 1) assert a plausible claim; and 2) must set forth sufficient factual allegations to support the claim.

Plaintiff initially alleges that she applied "in person" and filled out a "paper application" at the Attleboro facility on October 16, 2017. (Doc. 3, pg. 8). She states that "an African American woman approached me and prescreened me in person." (Id.) Then contrary to the statement that she had been prescreened for a position, she alleges that the same "lady" told her "who the hiring persons were and who I will be speaking to and will contact me." (Id.) Clearly, a prescreen did not occur if the women in question told her who the hiring staff was and that she would be contacted at a later date. She also alleges she was given names of the two individuals who would contact her: "Heather Mister, Director of Nursing and Tonya Campbell, Staffing Coordinator."

She also alleges that after several missed phone calls from the facility that the front desk transferred her to Sue Mitchell. Plaintiff alleges that Ms. Mitchell told her "I didn't call you." (Doc. 3, pg. 9).

Despite the fact that Ms. Mitchell indicated that she was not the one who contacted her and that Ms. Mitchell was not one of the individuals who were in charge of hiring as noted previous in her Complaint, Plaintiff alleges that as a result of her conversation with Mitchell that she was "refused a job interview." (Id.) However, Ms. Mitchell's statement that she was not the person who called her does not amount to a refusal for an interview. Her second attempt to talk to Ms. Mitchell also does not amount to a refusal to interview. Plaintiff alleges that second call ended after Ms. Mitchell stated "she was in a meeting interviewing others and hung up." (Doc. 3, pg. 10).

Plaintiff also alleges that Christina Notarfranceso refused a job interview to her. She alleges that Ms. Notarfranceso told her that if "we become interested they will contact me." After Plaintiff explained that she had been called by the facility, Ms. Notarfranceso told her "she didn't know who called her." (Doc. 3, pg. 10).

Taking the facts as true, Ms. Hamilton did not contact the individuals who were responsible for hiring and so the individuals she spoke with did not know who she was or why she was calling. They did not refuse her an interview, but instead indicated that they were not the individuals who had contacted her.

Plaintiff also alleges in her Complaint that "Sue Mitchell said BUT YOU ARE DEAF!!!" (Doc. 3, pg. 9). Even assuming this statement is true, this statement alone does not amount to a cause of action. Furthermore, since the Court can consider "matters of public record" when ruling a Motion to Dismiss, it should be noted that Plaintiff has alleged almost identical facts and statements in lawsuits against Spring Village at Floral Vale (17-cv-0231)(during a group interview

"the woman stated she is deaf!!!") and against Genesis Healthcare Corporation (17-cv-4777). The Complaint in this matter taken with the almost identical allegations in the other matters permits the court to draw the reasonable inferences regarding the alleged conduct. Iqbal, *supra.*, 129 S. Ct. at 1948. Defendants submit that based on the contradictory statements and the prior lawsuits that Plaintiff has failed to make a *prima facie* case for refusing to interview.

### C. Plaintiff's Complaint alleges no factual allegations against Defendant Wilmac Corporation.

Plaintiff's Complaint should be dismissed against Defendant Wilmac because the Complaint is completely devoid of any allegations against Wilmac, its relation to Attleboro or its role in the alleged behavior of the other named defendants. Wilmac Corporation is a separate legal entity from Attleboro. Plaintiff has failed to assert a single allegation against Defendant Wilmac. As such, Plaintiff's Complaint should be dismissed against Wilmac.

### IV. CONCLUSION

Plaintiff's Complaint fails to allege sufficient facts to support a claim under the Americans with Disabilities Act against Defendants. Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

BURNS WHITE LLC

Date: 5/23/2018     By: _____
  Angela A. Cronk, Esquire
  Meghan E. Campbell, Esquire

  *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Angela A. Cronk, hereby certify that on this 23rd day of May, 2018, Defendants' Motion to Dismiss Plaintiff's Complaint and Memorandum of Law was filed using the Eastern District of Pennsylvania's ECF System to be served upon all counsel of record.

The undersigned also served a copy of the foregoing Motion to Dismiss Plaintiff's Complaint and Memorandum of Law at the address designated on her Complaint listed below via Federal Express and via email listed below:

>Marilyn Hamilton
>3078 Ruth Street
>Philadelphia, PA 19134
>Ladysplace19124@yahoo.com

>*/s/ Angela A. Cronk*
>Angela A. Cronk