# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARILYN L. HAMILTON, | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 18-1141 |
| | : | |
| WILMAC CORP. et al., | : | |
| *Defendants*. | : | |

## MEMORANDUM

PRATTER, J.                                                                                          OCTOBER 3, 2018

*Pro se* plaintiff Marilyn Hamilton brings claims against Wilmac Corporation and Attleboro Nursing and Rehab Center for a failure to hire under the Americans with Disabilities Act. The defendants respond with a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court grants the motion to dismiss with leave to amend because Ms. Hamilton failed to adequately plead the elements of the prima facie case for a failure to hire claim.

## BACKGROUND[1]

In ruling on this motion to dismiss, the Court must accept the facts presented in the complaint in the light most favorable to Ms. Hamilton and "accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994).

Marilyn Hamilton suffers from some hearing loss, although her complaint does not describe her condition in depth. She explains that her hearing loss does not qualify as "deaf" but instead falls under the category of "hard of hearing." Hearing aids improve her condition

---

[1] Ms. Hamilton attached two copies of the five page narrative she wrote to the complaint. For ease of reference, the Court will use the ECF generated page numbers when referring to the complaint.

somewhat but do not ameliorate it entirely. She states that she can perform the functions of a certified nursing assistant, as she has for the past 15 years, despite her hearing loss.

On October 16, 2017, Ms. Hamilton applied in person[2] for a certified nursing assistant position at the Attleboro Nursing and Rehab Center in Langhorne, Pennsylvania. After she filled out the application, she says a woman[3] approached and prescreened her. This woman asked for more information, including a copy of Ms. Hamilton's certified nursing assistant license, driver's license, and resume – all of which Ms. Hamilton provided. The woman allegedly told Ms. Hamilton that Attleboro was hiring for all shifts. She also gave Ms. Hamilton the contact information for the hiring personnel – Heather Mister, Director of Nursing and Tonya Campbell, Staffing Coordinator – who she said would contact Ms. Hamilton.

Four days later, Ms. Hamilton says she missed a call from someone at Attleboro, although she does not know who. Ms. Hamilton called back and was eventually transferred to Sue Mitchell in Human Resources. Ms. Hamilton told Ms. Mitchell that she was calling to set up an interview and Ms. Mitchell allegedly responded, "But you're deaf!" while Ms. Hamilton attempted to explain that her hearing loss did not affect her ability to work. Compl. p. 9. Ms. Mitchell then said that she never called Ms. Hamilton and hung up the phone.

Ms. Hamilton says she missed another call from Attleboro on October 23. She eventually reached Christina Notarfrancesco in the Human Resources department. Ms. Notarfrancesco allegedly said that Attleboro was not interested in hiring Ms. Hamilton, did not know who called Ms. Hamilton, and refused to schedule an interview. Ms. Hamilton also alleges that Ms.

---

[2] Ms. Hamilton also says that she expressed an interest in the position online a few days later. Ms. Hamilton repeatedly stresses the fact that she first applied for the position in person. Ultimately, how she applied for the position is not relevant to the motion to dismiss.
[3] Ms. Hamilton first says that she does not know this woman's name. Compl. p. 8. She then says that she asked the person working at the front desk for the woman's name and was given a business card for a staffing plan coordinator named Melinda Thomas. Compl. p. 9.

Notarfrancesco at some point, although it is not clear when, asked if Ms. Hamilton was deaf and how she could interact with patients because of her hearing loss.

Ms. Hamilton believes that Attleboro failed to hire her because of her hearing loss in violation of the Americans with Disabilities Act. She filed a complaint with the EEOC and received a right to sue letter on February 12, 2018. She filed the instant action against Attleboro and Wilmac Corporation on March 16, 2018.

## LEGAL STANDARD

At the outset, the Court notes that Ms. Hamilton's *pro se* pleading must be "liberally construed." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *see also Bieros v. Nicola,* 839 F. Supp. 332, 334 (E.D. Pa. 1993). Due to an "understandable difference in legal sophistication," *pro se* litigants such as Ms. Hamilton are held to a "less exacting standard" than trained counsel. *Lopez v. Brown,* No. 04–6267, 2005 WL 2972843 (D.N.J. Nov. 4, 2005) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). The Court stands prepared to "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Dluhos v. Strasberg,* 321 F.3d 365, 369 (3d Cir. 2003) (internal citation omitted).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration in original).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation and internal quotation marks omitted). Thus, assessment of the sufficiency of a complaint is "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state a plausible claim for relief." *W. Pa. Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. For one, the Court "must consider only those facts alleged in the complaint and accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *see also Twombly*, 550 U.S. at 555 (stating that courts must "assum[e] that all the allegations in the complaint are true (even if doubtful in fact)"); *Mayer*, at 230 ("[A] court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents"). Also, the Court must accept as true all reasonable inferences emanating from the allegations, and view those facts and inferences in the light most favorable to the nonmoving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989); *see also Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010).

That admonition does not demand that the Court ignore or discount reality. The Court "need not accept as true unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000) (citations and internal quotation marks omitted), and "the tenet that a court must accept as true all of the allegations

4

contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Isbal*, 556 U.S. at 678; *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (explaining that a court need not accept a plaintiff's "bald assertions" or "legal conclusions" (citations omitted)). If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

## DISCUSSION

Although not stated explicitly, Ms. Hamilton's complaint can be fairly interpreted to make a claim for failure to hire under the ADA. The defendants argue that Ms. Hamilton has not properly pled the prima facie case of an employment discrimination claim.

The defendants further contend that Ms. Hamilton's complaint "is completely devoid of any allegations against [defendant] Wilmac, its relation to Attleboro or its role in the alleged behavior of the other named defendants." Mot. to Dismiss at 8 (Doc. No. 8). Indeed, the complaint never mentions discriminatory conduct by Wilmac or that company's connection to Attleboro, the only other remaining defendant. For these reasons, the Court grants the motion to dismiss as it relates to Wilmac.

I. **Prima Facie Case**

The ADA prohibits an employer from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A plaintiff is not required to establish a prima facie case to survive a motion to dismiss for failure to state a claim; however, she must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of

5

the necessary element[s]." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quotations omitted).

To establish a prima facie case of employment discrimination alleging a failure to hire, a plaintiff must show that: (1) she belongs to the protected category; (2) she applied for and was qualified for a position for which the covered employer was seeking applicants; (3) despite her qualifications, she was not hired, and; (4) after her rejection, the position remained open, or was filled in a manner giving rise to an inference of discrimination.[4] *Olson v. General Elec. Aerospace*, 101 F.3d 947, 951 (3d Cir. 1996); *see also Alja-Iz v. U.S. Virgin Islands Dep't of Educ.*, 626 F. App'x 44, 46 (3d Cir. 2015); *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994) (discussing a failure to hire claim in a Title VII case). The Court will only consider the first, second, and fourth elements of the prima facie case, inasmuch as there is no dispute that the defendants did not hire Ms. Hamilton.

### A. *Membership in a Protected Category*

Ms. Hamilton contends that she suffers from hearing loss and is disabled within the meaning of the ADA. The ADA defines a disability, in part, as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). Major life activities include hearing. *Id*. at § 12102(2)(A).

Ms. Hamilton says that her condition is classified as "hard of hearing" or "hearing impaired" but does not qualify as deaf. Compl. p. 11. She wears hearing aids that improve her

---

[4] In the motion to dismiss, the defendants use the prima facie case for employment discrimination under the ADA, which requires a plaintiff to demonstrate that (1) she is disabled within the meaning of the ADA, (2) she is otherwise qualified for the job, with or without reasonable accommodations, and (3) she was subjected to an adverse employment decision as a result of discrimination. *See Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 185 (2010); *see also Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999). Because Ms. Hamilton alleged that the defendants discriminated against her by failing to hire her, the Court considers this as a "failure to hire" case and will instead consider whether the complaint adequately pleaded the elements of a prima facie case for a failure to hire claim.

ability to hear but do not make her hearing perfect. *Id*. The defendants argue that Ms. Hamilton's complaint "fails to provide any facts to suggest that her hearing loss constitutes a disability under the ADA and/or substantially limits her daily life activities."

Courts must be mindful that determining whether a plaintiff suffers from a disability is an "extraordinarily fact-intensive" inquiry that must be considered on a case by case basis. *Emory v. AstraZeneca Pharmaceuticals LP*, 401 F.3d 174, 182 (3d Cir. 2005). At this early stage in the proceedings, Ms. Hamilton does not need to prove she meets the statutory minimums. She only needs to demonstrate that she has a plausible claim.

Ms. Hamilton's complaint pleads facts that could demonstrate she is disabled within the meaning of the ADA because she contends she has hearing loss that is severe enough to require hearing aids. Although Ms. Hamilton pleads very little factually about her disability, the facts she does plead "at least are sufficient to give appellees fair notice of what her claim is and the grounds upon which it rests." *Gavura v. Pa. State House of Representatives*, 55 F. App'x 60, 64 (3d Cir. 2002). Ms. Hamilton's "allegations meet our lenient standards of notice pleading" and she has sufficiently stated the first element of the prima facie case, that she is a member of a protected class. *Id*.

### B. Application and Qualifications

There is no dispute that Ms. Hamilton applied for a position at Attleboro. Instead, the defendants contend that Ms. Hamilton has not demonstrated she is qualified to perform the essential functions of the position. The defendants argue that the complaint "fails to describe the position she sought and whether her skills could meet the demands of the job." Mot. to Dismiss at 6.

Ms. Hamilton says that she applied for a "nurses' aide position and met all requirements." Compl. p. 8. She goes on to say that she has a certified nursing assistant license and has 15 years

7

of experience, 13 of which were hands-on in some capacity. Certainly, Ms. Hamilton could have provided more detail as to her qualifications; however, she has alleged enough as to this element of the prima facie case to survive a motion to dismiss.

### C. *Whether the Position Remained Open or Was Filled in a Manner that Gives Rise to an Inference of Discrimination*

Ms. Hamilton makes no mention in her complaint of whether the position remained open or if Attleboro filled it in a manner that gives rise to an inference of discrimination. Ms. Hamilton pleads the legal conclusion that she was not hired because of her disability and bases her claim on allegations that two people mentioned her hearing loss when they spoke with her. Those people, Ms. Mitchell and Ms. Notarfrancesco, also allegedly told her that they had not called her and did not know who did. Compl. pp. 9–10. As pleaded in the complaint, Ms. Mitchell and Ms. Notarfrancesco were not in a position to hire Ms. Hamilton. According to Ms. Hamilton, Heather Mister and Tonya Campbell were the hiring personnel but Ms. Hamilton never contacted or spoke with either of them.

Ms. Hamilton "did not plead any facts concerning whether the position . . . remained open or was filled in a manner giving rise to an inference of discrimination." *Alja-Iz*, 626 F. App'x at 47. Instead, the complaint only asserted the fact that she applied, she was purportedly qualified, and two women (who were not known to her as hiring personnel) allegedly made comments about her hearing and told her that they never contacted her.

Because Ms. Hamilton has not alleged any facts as to whether or not the position remained open or was filled in a discriminatory manner, she has not pleaded the fourth element of the prima facie case for a failure to hire claim.

**CONCLUSION**

"Complaints filed *pro se* are construed liberally, but even a *pro se* complaint must state a plausible claim for relief." *Badger v. City of Phila. Office of Prop. Assessment*, 563 F. App'x 152, 154 (3d Cir. 2014) (citation and internal quotation marks omitted). Although the complaint does not currently state a claim, the Court gives Ms. Hamilton leave to file an amended complaint in the event that she can cure the above deficiencies. *Phillips*, 515 F.3d at 236.

For the reasons set out in this memorandum, the Court grants Defendants' motion to dismiss. An appropriate order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE