IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARILYN L. HAMILTON, | : | |
| *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WILMAC CORP. *et al.*, | : | No. 18-1141 |
| *Defendants* | : | |

## MEMORANDUM

PRATTER, J.                                                                                             DECEMBER 3, 2019

*Pro se* plaintiff Marilyn Hamilton brings claims under the Americans with Disabilities Act (ADA) against Wilmac Corporation and Attleboro Nursing and Rehab Center for their alleged failure to hire and failure to accommodate. The defendants now move to dismiss Ms. Hamilton's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court dismisses Ms. Hamilton's claims against Wilmac, dismisses Ms. Hamilton's failure-to-hire claim against Attleboro, and denies the defendants' motion to dismiss with respect to Ms. Hamilton's failure-to-accommodate claim against Attleboro.

### I.    Background[1]

Ms. Hamilton believes that the defendants violated the ADA by failing to hire her or provide her reasonable accommodations for her disability. She filed a complaint with the EEOC and received a right to sue letter on or about February 12, 2018. *See* Def.s' Mem. in Supp. of Mot. to Dismiss, Doc. No. 22-1 at 1. She filed this action against Attleboro and Wilmac Corporation on March 16, 2018. The litigants have since gone through two prior rounds of motions to dismiss.

---

[1]    In ruling on this motion to dismiss, the Court must accept the facts presented in the second amended complaint in the light most favorable to Ms. Hamilton and "accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994).

1

The Court granted the defendants' first motion to dismiss with leave for Ms. Hamilton to amend her complaint. Doc. No. 13. After Ms. Hamilton filed her first amended complaint, the Court granted the defendants' second motion to dismiss and—"[i]n light of Ms. Hamilton's *pro se* status, and in an abundance of indulgence"—granted Ms. Hamilton one more opportunity to amend her complaint. Doc. No. 20. Ms. Hamilton filed her second amended complaint on April 12, 2019.[2] Doc. No. 21. The defendants now move to dismiss Ms. Hamilton's second amended complaint under Rule 12(b)(6). Doc. No. 22.

Ms. Hamilton suffers from "hearing loss," which has been diagnosed in medical evaluations. Doc. No. 21 at 2. To compensate, Ms. Hamilton has used hearing aids and a sign language interpreter. *Id.* at 16-18. Despite her hearing loss, she states that she can perform the functions of a certified nursing assistant, as she has for over ten years. She states that she is "well able to perform the functions of the job with or without accommodations." *Id.* at 6.

Ms. Hamilton first applied for a certified nursing assistant position at Attleboro in person. Twice during October 2017, Ms. Hamilton also applied to be a certified nursing assistant at Attleboro through the website "Ziprecruiter.com". *Id.* at 4, 21-23. Ms. Hamilton states that Attleboro "currently and constantly" has both full-time and part-time job positions available that

---

[2] In response to the Court's grant of the defendants' motion to dismiss the first amended complaint with leave to amend, Ms. Hamilton filed a document she titled as a "motion." Upon careful review, the Court determined that the document should be designated as Ms. Hamilton's second amended complaint. Doc. No. 23. The second amended complaint contains an initial cover page, a typed narrative, and various exhibits. For ease of reference, the Court will use the ECF-generated page numbers when referring to the second amended complaint.

Moreover, an "amended complaint supersedes the original and renders [the original] of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." *West Run Student Housing Assocs., LLC v. Huntington Nat'l Bank,* 712 F.3d 165, 171 (3d Cir. 2013) (internal quotations omitted); *see also* Doc. No. 20. Upon careful review, Ms. Hamilton's second amended complaint does not refer to or adopt her amended complaint and, therefore, supersedes it. Thus, the Court will only consider allegations pleaded in the second amended complaint.

she is qualified to complete. *Id.* at 3.³ She alleges that these positions were available both when she applied and when she filed her second amended complaint over a year later.

At some point, Attleboro called Ms. Hamilton requesting that she contact them to set up a job interview. When Ms. Hamilton returned Attleboro's call, an unidentified individual denied her an opportunity to come in for a job interview and stated, "But your [sic] deaf!" *Id.* at 4-5. Ms. Hamilton also alleges that she communicated to an "HR Employee"⁴ during a phone call that although hearing impaired, she could become familiar with the residents' needs if she was trained or provided a sign language interpreter. Ms. Hamilton stated that she could request the sign language interpreter "from an agency if need be." *Id.* at 4. The HR employee responded, "I didn't call you anyways" and ended the phone call. *Id.* at 5. Ms. Hamilton alleges that she later received a separate call from an unidentified person who found her information on Ziprecruiter.com, but "was refused a job interview again." *Id.*

## II.   Legal Standard

At the outset, the Court notes that Ms. Hamilton's *pro se* pleading must be "liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Bieros v. Nicola*, 839 F. Supp. 332, 334 (E.D. Pa. 1993). Due to an "understandable difference in legal sophistication," *pro se* litigants such as Ms. Hamilton are held to a "less exacting standard" than trained counsel. *Lopez v. Brown*, No. 04-6267, 2005 WL 2972843, at *2 (D.N.J. Nov. 4, 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Court stands prepared to "apply the applicable law, irrespective

---

³   Ms. Hamilton's documents show that both positions she applied to online had "closed" by the time she printed the documents. *Id.* at 21-23. Ms. Hamilton does not allege that Attleboro filled the positions in a manner giving rise to an inference of discrimination.

⁴   It is unclear whether Ms. Hamilton alleges a distinct communication separate from the initial communication where Ms. Hamilton was allegedly called "deaf."

of whether the *pro se* litigant has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (internal citation omitted).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration in original).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The question is not whether the claimant "will ultimately prevail . . . but whether [her] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation and internal quotation marks omitted). Thus, assessment of the sufficiency of a complaint is "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state a plausible claim for relief." *W. Pa. Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010).

In evaluating the sufficiency of a complaint, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). The Court must "accept all allegations as true." *ALA*, 29 F.3d at

4

859; *see also Twombly*, 550 U.S. at 555 (stating that courts must "assum[e] that all the allegations in the complaint are true (even if doubtful in fact)"). A court must also accept as true all reasonable inferences emanating from the allegations, and view those facts and inferences in the light most favorable to the nonmoving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989); *see also Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010).

That admonition does not demand that the Court ignore or discount reality. The Court "need not accept as true unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (citations and internal quotation marks omitted), and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (explaining that a court need not accept a plaintiff's "bald assertions" or "legal conclusions" (citations omitted)). If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

## III. Discussion

Although not stated explicitly, Ms. Hamilton's second amended complaint can be fairly interpreted to make claims under the ADA for failure to hire and failure to provide reasonable accommodations.

As a preliminary matter, the only facts asserted against Wilmac in Ms. Hamilton's second amended complaint are that Wilmac maintains a non-discrimination policy and Attleboro, a Wilmac facility, did not follow that policy. Ms. Hamilton does not plead any facts concerning

5

agency, vicarious liability, or any other facts to suggest that Wilmac was in any way involved in her allegations. Without any facts suggesting Wilmac's involvement in Ms. Hamilton's allegations, there is insufficient factual content available to allow the Court to draw any reasonable inference of Wilmac's liability. *See Iqbal*, 556 U.S. at 678. After allowing Ms. Hamilton two additional chances to sufficiently assert Wilmac's liability, the Court now grants the motion to dismiss as it relates to Wilmac.

### A. Failure to Hire

The ADA prohibits an employer from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A plaintiff is not required to establish a prima facie case to survive a motion to dismiss for failure to state a claim; however, she must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quotations omitted).

To establish a prima facie case of employment discrimination alleging a failure to hire, a plaintiff must show that: (1) she belongs to the protected category; (2) she applied for and was qualified for a position for which the covered employer was seeking applicants; (3) despite her qualifications, she was not hired, and; (4) after her rejection, the position remained open, or was filled in a manner giving rise to an inference of discrimination. *Olson v. General Elec. Astrospace*, 101 F.3d 947, 951 (3d Cir. 1996); *see also Alja-Iz v. US. Virgin Islands Dep't of Educ.*, 626 Fed. App'x 44, 46 (3d Cir. 2015); *Fuentes v. Perskie,* 32 F.3d 759, 763 (3d Cir. 1994) (discussing a failure-to hire-claim in a Title VII case). The Court will only consider the first, second, and fourth

elements of the prima facie case, inasmuch as there is no dispute that Attleboro did not hire Ms. Hamilton.

1. Membership in a Protected Category

Ms. Hamilton contends that she suffers from hearing loss and is disabled within the meaning of the ADA. The ADA defines a disability, in part, as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). Major life activities include hearing. *Id.* at § 12102(2)(A). Courts must be mindful that determining whether a plaintiff suffers from a disability is an "extraordinarily fact-intensive" inquiry that must be considered on a case-by-case basis. *Emory v. AstraZeneca Pharm. LP*, 401 F.3d 174, 182 (3d Cir. 2005). At this early stage in the proceedings, Ms. Hamilton does not need to prove she meets the statutory minimums. She only needs to demonstrate that she has a plausible claim.

Ms. Hamilton pleads and includes documents suggesting that she is disabled within the meaning of the ADA due to her hearing loss. Her hearing loss has been diagnosed in medical evaluations and has required her to wear hearing aids and use a sign language interpreter. Ms. Hamilton's disability-related "allegations meet our lenient standards of notice pleading." *Id.* Thus, she has sufficiently stated the first element of the prima facie case, namely that she is a member of a protected class.

2. Application and Qualifications

Ms. Hamilton claims that she applied for a certified nursing assistant position at Attleboro, is currently qualified as a certified nursing assistant, and has been qualified for at least ten years. Therefore, she has sufficiently alleged the second element of her prima facie.

7

3. Whether the Position Remained Open or was Filled in a Manner that Gives Rise to an Inference of Discrimination

As she did in her first amended complaint, in her second amended complaint Ms. Hamilton again fails to allege facts that the position she applied for remained open or was filled in a manner that gives rise to an inference of discrimination. Ms. Hamilton alleges that Attleboro "currently and constantly" has job openings. Doc. No. 21 at 3. In ruling on the second motion to dismiss, the Court found a similar allegation to be insufficient.[5] Alleging that Attleboro is always seeking employees does not serve to plead facts asserting that the specific position she applied for remained open. Conversely, Ms. Hamilton submits documents to suggest that the specific job positions she applied for were filled at the time the documents were printed. *Id.* at 21-23.

Ms. Hamilton similarly pleads that part-time and full-time certified nursing assistant positions at Attleboro were available when she applied and when she filed her second amended complaint. *Id.* at 3, 13-15. Ms. Hamilton's allegation that the positions were available when she applied in October 2017 is irrelevant to this inquiry. Ms. Hamilton's allegations that Attleboro was seeking a certified nursing assistant at the time she filed her second amended complaint—at the very least 13 months after the alleged discriminatory conduct occurred[6]—again do not reasonably suggest that the specific job positions she applied for remained open. Ms. Hamilton does not allege that the positions she applied for were filled in a manner giving rise to an inference of discrimination. Because Ms. Hamilton has not sufficiently alleged that the specific position she

---

[5] In Ms. Hamilton's first amended complaint, she pleaded, "Wilmac Corp has many openings and [is] constantly seeking employees." Doc. No. 15 at 5.

[6] Ms. Hamilton does not plead when the alleged discriminatory phone calls occurred. In assessing the relevance of job positions available when Ms. Hamilton filed her second amended complaint, the Court conservatively infers that the phone call occurred before she filed her initial complaint on March 20, 2018.

8

applied to remained open or was filled in a discriminatory manner, she has not pleaded the fourth element of the prima facie case for a failure-to-hire claim.

Although "[c]omplaints filed *pro se* are construed liberally," only claims stating a plausible claim for relief can survive a motion to dismiss. *Badger v. City of Phila. Office of Prop. Assessment*, 563 Fed. App'x 152, 154 (3d Cir. 2014) (citation and internal quotation marks omitted). After three attempts, Ms. Hamilton has not pleaded a plausible failure-to-hire claim. Therefore, her failure-to-hire claim against Attleboro is dismissed with prejudice.

## B. Failure to Accommodate

The ADA prohibits an employer from "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A). For an employer "to be found liable for discrimination on the basis of failure to accommodate, the plaintiff must prove (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination ... [which] in this context include[s] refusing to make reasonable accommodations for a plaintiff's disabilities." *Hohider v. United Parcel Serv., Inc.*, 574 F.3d 169, 186-87 (3d Cir. 2009) (quoting *Williams v. Phila. Housing Auth. Police Dep't*, 380 F.3d 751, 761 (3d Cir. 1999)) (citation and internal quotations omitted) (alterations in original).

The defendants point out that "when accommodations are at issue in an ADA claim, the burden is on the employee or a representative to inform the employer of both the disability and

9

desire for an accommodation." *Drozdowski v. Northland Lincoln Mercury*, 321 Fed. App'x 181, 185 (3d Cir. 2009) (citing *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 313 (3d Cir. 1999) ("What matters under the ADA are not formalisms about the manner of the request, but whether the employee or a representative for the employee provides the employer with enough information that, under the circumstances, the employer can be fairly said to know of both the disability and desire for an accommodation.")); Def.s' Mem. in Supp. of Mot. to Dismiss, Doc. No. 22-1 at 8.

As noted, Ms. Hamilton alleges that she suffers from hearing loss that could qualify as a disability under the ADA and that she is qualified to perform the essential functions of a certified nursing assistant. Therefore, at issue is only whether Ms. Hamilton alleges that Attleboro, after receiving notification of Ms. Hamilton's disability and request for an accommodation, refused to reasonably accommodate her disability.

Ms. Hamilton pleads that she spoke with an Attleboro HR employee over the phone. During that phone call, Ms. Hamilton communicated that she is hearing impaired and would be able to become familiarized with the residents' needs if she was trained or had a sign language interpreter. In response, the HR employee said, "[W]ell I didn't call you anyways" and ended the phone call. Doc. No. 21 at 5.

As an initial matter, Ms. Hamilton's allegations that she communicated her disability and potential related accommodations to an Attleboro HR employee sufficiently defeat Attleboro's argument that Ms. Hamilton did not sufficiently notify Attleboro of her disability or requested accommodations.

Although Ms. Hamilton could certainly have alleged more details, she sufficiently pleads that Attleboro[7] refused to reasonably accommodate her disability. Ms. Hamilton's allegations that an Attleboro HR employee abruptly ended the phone call after Ms. Hamilton explained her hearing impairment and potential related accommodations are at least sufficient to give Attleboro "fair notice" of her claim "and the grounds upon which it rests." *Gavura v. Pa. State House of Representatives*, 55 Fed. App'x 60, 64 (3d Cir. 2002). Therefore, Ms. Hamilton's failure-to-accommodate claim against Attleboro survives this motion to dismiss.

## Conclusion

For the foregoing reasons, Ms. Hamilton's claims against Wilmac and failure-to-hire claim against Attleboro are dismissed with prejudice. Ms. Hamilton may, however, proceed with her failure-to-accommodate claim against Attleboro. An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[7] When accepting as true all inferences emanating from Ms. Hamilton's second amended complaint and construing her *pro se* pleadings liberally, a human resources employee can be inferred to have the ability to make a hiring decision.